VAN ANDA v. NORTHERN NAV. CO. OF ONTARIO, Limited.

(Circuit Court of Appeals, Seventh Circuit. November 6, 1901.)

No. 788.

CARRIERS—INSUFFICIENT ACCOMMODATIONS OF STEAMSHIP—ACTION FOR DEATH OF PASSENGER.

Libelant's intestate purchased tickets for passage, meals, and berths for himself, wife, and daughter on respondent's steamship from a lake port in Canada. On presenting them, he was told that berths could not be furnished, not having been reserved, and the vessel having an extraordinary number of passengers, owing to its being the close of the summer season, when an unusual number of passengers were returning from the lake resorts. He insisted on going, and was then told that if he would accept a cot or mattress for himself, his wife and daughter would be furnished with a berth. He accepted the offer, and the officers procured a number of mattresses from a dealer, one of which he took, and on which he slept. On reaching port the next morning, he was taken with a chill, which developed into pneumonia, from which he died a few days later. Suit was brought under the Canadian statute giving a right of action for wrongful death, it being alleged the death was caused by the dampness of the mattress; no claim being made on the ground of breach of contract. *Held* that, under the facts shown, respondent was not chargeable with negligence, the officers of the vessel having done all that was reasonably possible to meet an extraordinary emergency, but that in accepting the accommodations offered, with knowledge of the conditions existing, deceased assumed whatever risk was involved.

Appeal from the District Court of the United States for the Northern Division of the Northern District of Illinois.

R. W. Burns, for appellant.

Charles E. Kremer, for appellee.

Before JENKINS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

GROSSCUP, Circuit Judge. The action below was to recover damages from the appellee,—a company operating a steamship line in the Georgian Bay in the Province of Ontario, and to Sault Ste. Marie and Mackinac,—for the death of Carmi A. Van Anda, said to have been brought about by the appellee's negligence in furnishing him with a wet mattress on board the appellee's steamship "Brittanic" between French River and Killarney. The action is based upon an act of the Provincial Parliament of Ontario,—similar to Lord Campbell's act—Chapter 166 of the Revised Statutes of Ontario 1897.

The facts were substantially the following:

The deceased had purchased, on the twenty-fourth of August, 1897, at Collingwood, Ontario, for himself, his wife and daughter, tickets good for passage, meals and berths on the Steamship "Brittanic" from Parry Sound to Killarney. On presentation of these at Parry Sound, on the following day, he was informed that there were no berths for his party, as none had been reserved; but, on his urging that his party must go, was told that if he would sleep on a cot or mattress, the wife and daughter would be furnished a berth.

At about nine o'clock that evening, when the steamer was in the

port of French River, ten mattresses (said to have been new and borrowed from a store-keeper of that town) were brought upon the steamer and placed upon the floor, one of which was put at the disposal of, and accepted, by Van Anda. On this mattress he lay for the night, arising the next morning at Killarney, and going on shore in company with his wife and daughter.

On this day of arrival, at about ten o'clock, Van Anda had a chill, which developed into pneumonia, from which he died eight days thereafter, on Mackinac Island, having been taken there upon another steamer at the beginning of his illness.

One of the issues of fact on the hearing in the District Court was, whether the mattress thus furnished was damp or dry, and upon this, considerable evidence was offered pro and con. The facts already set forth, however, were not in controversy; and it was admitted, in addition, that the number of passengers traveling upon that occasion, the close of the summer season, was extraordinary; much larger indeed than the ordinary sleeping facilities of the steamer could accommodate. Upon the case thus presented, the District Court entered a decree dismissing the libel.

We have not found it necessary to pass upon some of the interesting questions raised by this appeal, such as, whether the death having occurred on land, the Court of Admiralty would have jurisdiction; or, whether, under the Maritime Law of the United States, a right of action survives to the representative of the deceased. The decree of the District Court is sustainable upon other grounds.

It is not necessary to determine to what extent the company, operating a passenger steamship, is responsible for the condition of its usual sleeping facilities; nor how far it must go in providing such facilities for the usual number of passengers. In the case under consideration, the number of passengers was extraordinary. It was near the close of the vacation season, and cool weather having come on, tourists were hurrying to their homes. Few days in the year probably found so many passengers aboard.

This unusual passenger list created an emergency for the officials of the steamship, and they seem to have met it in the only way available. The proffer of a mattress, under the circumstances indicated, was not the proffer of the steamship's usual sleeping facilities, and, when accepted by Van Anda, was upon the knowledge that it was a mere makeshift for the occasion. Equally with the steward of the ship, Van Anda had opportunity to inspect the condition of the mattress. He chose to take it, rather than to sit up, and in so choosing, under the circumstances, assumed whatever risk its condition may have exposed him to.

Nor is the fact that Van Anda held tickets good for a berth relevant to this character of action. The suit is not to recover for violation of the contract, evidenced by the ticket, but for negligence in furnishing an improper mattress; and, as already indicated, upon the facts presented, no actionable negligence is shown.

The decree of the District Court is accordingly affirmed.